IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-23-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| TERRA LEE BRANDY RUNNING CRANE, | |
| Defendant. | |

## I. Synopsis

The United States accused Ms. Running Crane of violating her conditions of supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, and (3) failing to report to the Probation Office as directed. She admitted to the violations. Her supervised release should be revoked. She should be sentenced to three months in custody, with thirty-three months of supervised release to follow.

## II. Status

United States District Judge Sam Haddon sentenced Ms. Running Crane to fifty-seven months in custody, with thirty-six months of supervised release to

follow, on October 1, 2012, after a jury found her guilty of Assault with a Dangerous Weapon and Assault Resulting in Serious Bodily Injury. (Doc 52.) She began her current term of supervised release on August 24, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on November 21, 2016, notifying the Court that Ms. Running Crane tested positive for methamphetamine. (Doc. 66.) The Court allowed her to continue her supervised release.

The Probation Office filed a second Report on Offender Under Supervision on December 5, 2016, notifying the Court that Ms. Running Crane used Suboxone. (Doc. 67.) The Court again allowed her to continue her supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on January 31, 2017, alleging that Ms. Running Crane violated the terms of her supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, and (3) failing to report to the Probation Office as directed. (Doc. 84.) Judge Morris issued a warrant for her arrest based on the allegations in the Petition. (Doc. 68.)

**Initial appearance**

Ms. Running Crane appeared before the undersigned on February 9, 2017, in

Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her. Assistant United States Attorney Jessica Betley represented the United States.

Ms. Running Crane said she had read the petition and understood the allegations. She waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Running Crane admitted that she violated the conditions of her supervised release. The violations are serious and warrant revocation of her supervised release.

Ms. Running Crane's violation grade is Grade C, her criminal history category is I, and her underlying offenses are Class C felonies. She could be incarcerated for up to twenty-four months on each count and could be ordered to remain on supervised release for thirty-six months on each count, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended staying the proceedings so treatment options could be explored. Ms. Running Crane exercised her right of allocution and stated that she would like to go home and get herself ready for treatment. Ms. Betley recommended a sentence in the low-end of the guideline range.

### III. Analysis

Ms. Running Crane's supervised release should be revoked because she admitted violating its conditions. She should be sentenced to three months of incarceration, with thirty-three months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Ms. Running Crane was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider her objection, if it is filed within the allotted time, before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

>The undersigned **FINDS:**
>
>>Terra Lee Brandy Running Crane violated the conditions of her supervised release by (1) failing to report for substance abuse testing, (2) failing to report for substance abuse treatment, and (3) failing to report to the Probation Office as directed.
>
>The undersigned **RECOMMENDS:**
>
>>The District Court should enter the attached Judgment, revoking Ms. Running Crane's supervised release and

committing her to the custody of the United States Bureau of Prisons for three months, with thirty-three months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of February 2017.

_____
John Johnston
United States Magistrate Judge