FILED

August 01, 2019

Clerk, U.S. District Court
District of Montana
Great Falls Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERRA LEE BRANDY RUNNING CRANE,<br><br>Defendant. | CR 12-23-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Terra Lee Brandy Running Crane (Running Crane) has been accused of violating the conditions of her supervised release. Running Crane admitted all of the alleged violations. Running Crane's supervised release should be revoked. Running Crane should be placed in custody for 6 months, with no supervised release to follow. Running Crane should serve her term of custody at the Bureau of Prison's facility in SeaTac, Washington.

## II. Status

Running Crane was found guilty of Assault with a Dangerous Weapon, and Assault Resulting in Serious Bodily Injury on June 13, 2012, following a jury trial. (Doc. 47). The Court sentenced Running Crane to 57 months of custody,

followed by 3 years of supervised release. (Doc. 52). Running Crane's current term of supervised release began on August 15, 2017. (Doc. 99 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Running Crane's supervised release on July 29, 2019. (Doc. 99). The Petition alleged that Running Crane violated the conditions of her supervised release: 1) by committing another crime; and 2) by consuming alcohol.

**Initial appearance**

Running Crane appeared before the undersigned for her initial appearance on July 31, 2019. Running Crane was represented by counsel. Running Crane stated that she had read the petition and that she understood the allegations. Running Crane waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 31, 2019. Running Crane admitted that she had violated the conditions of his supervised release: 1) by committing another crime; and 2) by consuming alcohol. The violations are serious and warrant revocation of Running Crane's supervised release.

Running Crane's violations are Grade C violations. Running Crane's

2

criminal history category is I. Running Crane's underlying offenses are Class C felonies. Running Crane could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Running Crane's supervised release should be revoked. Running Crane should be incarcerated for 6 months, with no supervised release to follow. Running Crane should serve her term of custody at the Bureau of Prison's facility in SeaTac, Washington. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Running Crane that the above sentence would be recommended to Judge Morris. The Court also informed Running Crane of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Running Crane that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Running Crane stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Terra Lee Brandy Running Crane violated the conditions of her supervised release by committing another crime, and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Running Crane's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 6 months, with no supervised release to follow. Running Crane should serve her term of custody at the Bureau of Prison's facility in SeaTac, Washington.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of August, 2019.

John Johnston
United States Magistrate Judge